UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-24528

ALEXIS LOPEZ,

    Plaintiff,

vs.

CIBONEY, INC. and
JOSE R. MORALES,

    Defendants.
_____/

## COMPLAINT FOR FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Alexis Lopez, sues Defendants, Ciboney, Inc. and Jose R. Morales, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Alexis Lopez**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2.     Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendants.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, Ciboney, Inc.**, is a for profit Florida corporation that is *sui juris* and operated its restaurant business here, in Hialeah, Miami-Dade County, Florida, at all times material.

6.     **Defendant, Jose R. Morales**, was at all material times a resident of this District; he was and is a manager, owner, officer, director, and/or operator of the corporate

Defendant for the relevant time period. He ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's and the other servers' wages.

7. Defendants were Plaintiff's employers, as the term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiff.

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

9. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their restaurant and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this District.

### *Background Facts*

10. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

11. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, beverages, coffees, teas, wines, alcoholic beverages, and products that have moved through interstate commerce.

12. Defendants cooked, prepared, and stored perishables and sold beer, wine, and/or alcoholic beverages, while using machinery, appliances, ovens, refrigerators, and materials that also have moved through interstate commerce.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

13. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

14. Defendants own and operate the website: https://ciboneyrestaurantmiami.com using eNom, LLC, a foreign corporation, and engage in eCommerce by regularly and routinely exchanging information and financial information with foreign corporations – including Doordash and Clover, and on which Defendants regularly and routinely engage in electronic credit and debit card transactions across state lines.

15. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked during the last three (3) years.

16. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

17. Plaintiff worked for Defendants as a server from October 2014 to March 30, 2020.

18. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his handling and serving food, produce, and beverages that have traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

19. Plaintiff regularly, recurrently, and routinely processed credit card and ATM card

payments utilizing communications that traveled outside of the State of Florida and operated a cash register /Point of Sale system to receive payments for selling food and beverages that regularly and routinely exchanged electronic information that traveled in interstate commerce.

### *The Law*

20. To utilize the tip credit, employer like Defendants must allow their tipped employees to retain all of the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m).

21. Employers like Defendants must also notify their employees that they will be relying on the "tip credit" to make up the difference between the hourly wage actually paid and the applicable minimum hourly wage.

22. If an employer satisfies the tip credit requirements, it may apply a portion of the employee's tips (up to a maximum of $3.02 per hour) to satisfy its obligation to pay its employees at least a minimum wage.

23. If an employer fails to satisfy these requirements, it may not take advantage of the tip credit and must directly pay its tipped employees the full applicable minimum wage.

24. The FLSA always precluded employers like Defendants from retaining any portion of the tips for themselves or from distributing tips to traditionally non-tipped employees.

25. The FLSA was the formally amended in April 2018 to codify this rule precluding employers from retaining tips when it amended 29 U.S.C. §203, confirming that although employers may to utilize a "tip pool", they may not retain any portion of the tips for any reason:

> **An employer may not keep tips received by its employees for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

4

## *Liability*

26. During the last three years, Defendants took control of all of the tips earned by those who worked as servers at their restaurant.

27. While controlling the tips, Defendants retained control of the tips earned by Plaintiff, which they either kept for themselves and/or distributed to traditionally non-tipped (or ineligible) employees (who were receiving a salary).

28. Plaintiff would only receive a portion of the tips he earned as a result of having to share his tips in a "tip pool" controlled by Defendants.

29. During the last three years, Defendants were not entitled to the tip credit because Plaintiff did not receive a wage of least $3.02 less than the applicable minimum wage from Defendants due to Defendants' practice of retaining a portion of the tips Plaintiff earned and then retaining portion for themselves and/or distributing the tips to traditionally non-tipped (and ineligible) employees.

30. Plaintiff attended trainings at the Defendants' restaurant, but was not paid the applicable Minimum Wage (without reduction for the "tip credit) for all time spent in these trainings.

31. Plaintiff was forced to perform side work (such as filling salt/pepper, polishing silverware, stacking chairs, sweeping, folding napkins, cleaning a/c ducts, painting the restaurant, decorating the restaurant for holidays, cleaning the entrance, bringing tables in/out for the outdoor seating, and cashing out the register), while not earning tips, in excess of 20% of his work time.

32. In addition to the foregoing failures, Defendants' taking control of and retaining the tips belonging to Plaintiff invalidated the "tip credit".

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

33. By failing to satisfy the requirements of 29 U.S.C. §203(m) during the last three years, Defendants were not eligible for the tip credit and were required to pay Plaintiff the full minimum wage required by the FLSA.

34. Defendants also deducted time from Plaintiff, resulting in his working "off the clock", further reducing his hourly wage below the applicable minimum wage.

35. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to payment of the remainder of the applicable minimum wage plus all tips wrongfully or improperly held/distributed.

36. Defendants willfully and intentionally refused to pay Plaintiff the applicable minimum wage for all of the hours that she worked during the relevant time period.

37. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff the applicable a minimum wage for each of the hours worked during the relevant time period and all of the tips she earned during the relevant time period violated the FLSA and then failed to timely correct their violation.

38. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

39. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, Alexis Lopez, demands the entry of a judgment in his favor and against Defendants, Ciboney, Inc. and Jose R. Morales, jointly and severally, after trial by jury and as follows:

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*www.fairlawattorney.com*

a. That Plaintiff recover compensatory minimum wage (and tip) damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. §216(b);

b. That Plaintiff recover pre-judgment interest if she/they is/are not awarded liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That the Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay (including tips improperly withheld/distributed) and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Alexis Lopez, demands a trial by jury of all issues so triable.

Respectfully submitted this 3rd day of November 2020,

> Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 7300 N. Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel:   305.230.4884
> *Counsel for Plaintiff*